**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

United States of America

v.

Michael Clemence

1:21-cr-00099-LM

**MOTION FOR REVOCATION OF DETENTION
ORDER AND REQUEST FOR A HEARING**

The accused, through undersigned counsel, and pursuant to 18 U.S.C. § 3145(b), moves this Honorable Court to revoke the order of detention on which he is being held. Mr. Clemence requests a hearing of this matter pursuant to 18 U.S.C. § 3145(b), which requires that such motions be determined "promptly."

In support, it is stated:

1. The United States has charged the Defendant with Possession of Child Pornography contrary to 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2).

2. After a detention hearing on June 22, 2021, Magistrate Judge Andrea Johnstone issued a written of order of detention.  (Doc. 14).

3. At the hearing, the government asserted that detention was warranted both to assure the appearance of the defendant and the safety of the community. See 18 U.S.C. § 3142(f)(1)(E).

4. Mr. Clemence argued for his release and presented a release plan that included a residence (488 Young Road, Barrington, NH) a third party custodian (Loren Obrey), and a willingness to comply with any release

1

orders, including no use of the internet, house arrest and electronic monitoring.

5. The Obreys and Mr. Clemence's father, who travelled from Arizona, attended the hearing in support of Mr. Clemence.

6. The Court made its findings pursuant to 18 U.S.C. § 3142(g) and determined that the government had not sustained its burden with respect to risk of flight but did meet its burden with respect the safety of any other person and the community.

7. When this Court considers the factors set forth in 18 U.S.C. § 3142(g), it is apparent that a set of conditions can be crafted pursuant to 18 U.S. C. § 3142(c) that will reasonably assure the safety of any other person and the community.   The government must convince the Court otherwise by clear and convincing evidence.

   *18 U.S.C. § 3142(g)(1): The Nature of the Offense Charged*

8. The charged offense is not a crime of violence and does not involve terrorism or a controlled substance. No weapons of any type are alleged to have been used in the commission of the offense.  While it is true that the indictment alleges minor victim, Mr. Clemence will comply with court orders to have no contact with minors upon his release, and this can be monitored by his third party custodian, and to a lesser extent, by electronic monitoring. On balance, this factor weighs in favor of Mr. Clemence's release.

*18 U.S.C. § 3142(g)(2): The Weight of the Evidence*

9.  While the discovery disclosed to the defendant may establish a *prima facie* case, Mr. Clemence enjoys a presumption of innocence with respect to the charge.

*18 U.S.C. § 3142(g)(3): The History and Characteristics of Mr. Clemence*

10. With respect to Mr. Clemence's character, it is noteworthy that his parents travelled from Arizona to be at the hearing.  His mother attended the initial hearing, and his father attended the detention hearing.  Mr. Clemence is also involved in his church, and his pastor David Koenig, attended the initial appearance.  Mr. Clemence has no criminal record. This factor weighs in favor of Mr. Clemence's release.

11. Mr. Clemence is in fine physical and mental condition.

12. With respect to family ties, as stated above, his parents live in Arizona but have supported Mr. Clemence by attending court hearings.  They can also provide financial support.  Mr. Clemence has a wife and two children who live in Rochester, New Hampshire.  It is true that his wife has indicated she wants no contact with Mr. Clemence, and that a pretrial release condition will likely forbid any unsupervised contact with his children.  However, they are his family, and they are here in New Hampshire.  This factor weighs in favor of Mr. Clemence's release.

13. Should he be released, Mr. Clemence will return to work as a

financial advisor if he can still do so.  If not, he will seek employment to the extent possible consistent with his conditions of release.

14. Mr. Clemence has lived in New Hampshire for the last 6 years. He and his wife own a home in Rochester, New Hampshire. This length of time in the community and the community ties weigh in favor of Mr. Clemence's release.

15. In its Order, the Court found that Mr. Clemence lacked a stable residence "from the perspective that a stable residence did not deter the charged conduct he was living in a stable residence during the alleged offense conduct." (Doc. 14).  However, as is made clear in the Pretrial Services Report, Mr. Clemence has had a stable residence, in the sense that he was not itinerant, for his entire life. Moreover, the proposed residence is stable in the sense that the Obreys will allow Mr. Clemence to stay with them as long as necessary.

16. Mr. Clemence does not suffer from any alcohol or substance use disorders. This factor weighs in favor of Mr. Clemence's release.

17. Mr. Clemence has no criminal history.

18. If released, Mr. Clemence would comply with all conditions of release.

_18 U.S.C. § 3142(g)(4): Dangerousness_

19. Mr. Clemence does not pose a danger to any person or the community in general. At the hearing in this case, the Government argued that a photograph of Mr. Clemence's son indicated that he was in danger of abuse by Mr. Clemence.  Mr. Clemence denies any inappropriate contact with his son.  In addition, the government has informed the Court that Mr. Clemence's son was interviewed by a trained child forensic examiner and had made no disclosures.

20. The Court found that Mr. Clemence had a "history of violence or use of weapons" because he briefly owned a firearm.  The record on this issue indicates that Mr. Clemence bought a firearm at some point within the past four or five months.  When he returned home with the firearm, Mr. Clemence's wife demanded that he return it.  He did so. This event does not demonstrate any history of violence or the use of a weapon.  Rather, it shows that Mr. Clemence will abide by reasonable orders.

21. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987). The defense respectfully suggests that under the circumstances outlined above, it is both appropriate and required that Mr. Clemence be released on conditions which will allow his supervision by pretrial services.

22. The United States, through prosecuting attorney, Kasey Weiland, Esq., objects to a revocation of the detention order.

23. No memorandum of law is attached as all points and authorities are contained herein.

WHEREFORE, the accused respectfully requests that this Court set this matter for a hearing as soon as is practicable, and thereafter revoke the order of detention and set appropriate conditions for his release.

Respectfully submitted,

*/s/ John P. Newman*
John P. Newman, Esq.
NHBA No.: 8820
Newman Law Office, PLLC
15 High Street
Manchester, NH 03101
(603) 935-5603
john@newmanlawnh.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been forwarded through the ECF system on June 25, 2021 to Kasey Weiland, Esq.

*/s/ John P. Newman*
John P. Newman