UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                              Criminal No. 21-cr-099-LM

<u>Michael Clemence</u>

**ORDER OF DETENTION PENDING TRIAL**

      Defendant filed a motion pursuant to 18 U.S.C. § 3145(b) seeking revocation of a detention order issued by the magistrate judge.  On today's date, the court held a hearing on the motion and made a determination, de novo, that defendant should be detained.  The court issued its detention order orally from the bench, and this written order incorporates by reference those findings and rulings.  <u>See</u> 18 U.S.C. § 3142(i)(1).

      Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); <u>United States v. Patriarca</u>, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and

employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142 & 3145(b), the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. The government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

## Findings and Rulings

The government seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(E). At the hearing, the government argued that defendant's release posed a risk of danger. After weighing the evidence and balancing the factors laid out in 18 U.S.C. § 3142(g), the court finds that the government met its burden of proving that defendant represents a danger to the community. The court issued its ruling and explained its rationale orally from the bench. The court incorporates its oral ruling herein and, for the reasons stated on the record, finds that the government met its burden of proving that defendant's release, even on strict conditions, presents too great a risk of danger. In short, there are no conditions or combination of conditions of release that will reasonably assure the safety of the community. Accordingly, it is ORDERED that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

July 7, 2021

cc:   Counsel of Record
      U.S. Probation
      U.S. Marshal