FILED - USDC -NH
2021 NOV 24 PM4:16

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**UNITED STATES OF AMERICA** )
)
**v.** ) **No. 1:21-cr-00099-LM**
)
**MICHAEL CLEMENCE** )

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, John J. Farley, Acting United States Attorney for the District of New Hampshire, and the defendant, Michael Clemence, and the defendant's attorney, John Newman, Esquire, enter into the following Plea Agreement:

1. The Plea and The Offense.

The defendant agrees to plead guilty to Count 1 of the Indictment that charges him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement.

2. The Statute and Elements of the Offense.

Title 18, United States Code, Section 2252A(a)(5)(B) provides, in pertinent part:

Any person who . . . knowingly possesses, or knowingly accesses with intent to view, any . . . material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign

commerce by any means, including by computer . . . shall be punished as provided in subsection (b).

18 U.S.C. § 2252A(a)(5)(B).

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

> First, that the defendant knowingly possessed, [or accessed with intent to view], one or more items;
>
> Second, that the items contained at least one image of child pornography;
>
> Third, that the defendant knew that the items contained an image of child pornography; and
>
> Fourth, that the image of child pornography had been shipped or transported in interstate commerce, including by computer.

[*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2017 Revisions,* Instruction 4.18.2252, http://www.med.uscourts.gov/pdf/crpjilinks.pdf.].

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

In February 2020, the HSI Manchester, NH, office received information that on April 28, 2019, an individual originating from an IP address at a residence in Rochester, NH, accessed a known Darknet web site that facilitated the sharing of child sex abuse and exploitation material with a particular emphasis on sexually explicit material depicting young boys. The subscriber of the target IP address was identified as Michael Clemence.

On May 26, 2021, agents conducted a consensual knock and talk with Michael Clemence

at his residence in Rochester. Agents advised Clemence that they were investigating internet activity associated with child exploitation material, and that some of this activity occurred in April 2019 from the IP address associated with his previous residence. Clemence made no admissions, but he volunteered that his wife had found disturbing material on their home computer around the same timeframe. Clemence advised that he and his wife subsequently wiped the computer's hard drive and gave the computer away.

Approximately one week later, agents returned to Clemence's residence in Rochester and conducted a consensual interview with Clemence's wife. During the interview, Clemence's wife disclosed that in May of 2019, she discovered approximately 14,000 images of what appeared to be child pornography located in a folder on Clemence's laptop computer. Clemence's wife advised that when she confronted Clemence about the material, he denied responsibility and suggested their computer had been hacked. Clemence's wife confirmed that after wiping the computer's hard drive, they had given the computer away. Clemence's wife stated that she and her husband shared access to their electronic devices, email, and social media accounts and advised that she had not since observed any additional material depicting child pornography. Agents left their contact information with Clemence's wife and advised her to notify them if she made any concerning discoveries in the future.

A short time after departing Clemence's residence, agents received a phone call from Clemence's wife advising them that she had located what appeared to be child pornography while reviewing the contents of Clemence's Google Drive account. Google Drive is a cloud storage service that stores digital data on remote servers, which, in turn, is made available to users over the internet. Clemence's wife described one video as depicting two young boys,

approximately 13 years old, performing oral sex on each other. She described another video that depicted an adult male engaged in anal penetration of a prepubescent boy appearing to be approximately 10 years old. The boy was blindfolded and gagged. Upon learning this information, agents returned to the residence to secure it and obtain a search warrant.

Agents seized Clemence's cell phone and numerous electronic devices and storage media. Forensic review of these devices confirmed the presence of child pornography on Clemence's Samsung cell phone and several media storage devices seized from the residence. Many of the images were cached and deleted images, with a particular emphasis on bondage and prepubescent boys. A search of Clemence's Google Drive account also confirmed the presence of child pornography. Of the images Clemence possessed, the National Center for Missing and Exploited Children identified 1,351 images as depicting known (i.e., previously identified) minor victims.

4. Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A. A maximum prison term of 10 years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, a maximum prison term of 20 years (18 U.S.C. § 2252A(b)(2));

B. A maximum fine of$250,000 (18 U.S.C. § 3571);

C. A term of supervised release of not less than 5 years and not more than life (18 U.S.C. § 3583(k)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

D. A mandatory special assessment of $100 for each count of conviction, due at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A));

E. An additional assessment of $5,000 for any non-indigent person (18 U.S.C. § 3014(a)); and

F. For possession of child pornography: an additional assessment of up to $17,000 (18 U.S.C. § 2259A).

G. In addition to the other penalties provided by law, restitution in this case is mandatory. 18 U.S.C. § 2259(b)(4). Notwithstanding section 3663 or 3663A, the Court shall order the defendant to pay restitution to the victim(s) as set forth in 18 U.S.C. § 2259(b).

To facilitate the payment and collection of any restitution that may be ordered, the defendant agrees that, upon request, he will provide the United States with a financial disclosure statement and supporting financial documentation.

The defendant further agrees that, if restitution is ordered, it shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full, including, but not limited to, the Treasury Offset Program.

5. Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A. Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B. Respond to questions from the Court;

C. Correct any inaccuracies in the pre-sentence report;

D. Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. 11(c)(1)(B), the United States and the defendant stipulate and agree to the following:

(a) The United States will recommend that the defendant be sentenced within a sentencing range of 63 to 78 months' imprisonment; and

(b) The United States will recommend that the Court apply a 2-level downward variance to offset the "use of computer" enhancement at U.S.S.G. §2G2.2(b)(6).

The defendant understands that the Court is not bound by the foregoing agreements and, with the aid of a pre-sentence report, the court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept any or all of those agreements, such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this

case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B. Challenges the United States' offer of proof at any time after the plea is entered;

C. Denies involvement in the offense;

D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about his financial status to the Probation Office;

F. Obstructs or attempts to obstruct justice, prior to sentencing;

G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H. Fails to appear in court as required;

I. After signing this Plea Agreement, engages in additional criminal conduct; or

J. Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

A. To plead not guilty or to maintain that plea if it has already been made;

B. To be tried by a jury and, at that trial, to the assistance of counsel;

C. To confront and cross-examine witnesses;

D. Not to be compelled to provide testimony that may incriminate him; and

E. To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D. Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E. Is completely satisfied with the representation and advice received from his undersigned attorney.

10. Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or

administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his

guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

The defendant further understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following supervision.

12. Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the indictment in this case.

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or fulfill completely each one of his obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, he will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the

defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that he may not use his breach of this Agreement as a reason to withdraw his guilty plea or as a basis to be released from his guilty plea.

13. Forfeiture

The defendant agrees to immediately and voluntarily forfeit to the United States his interest, if any, in any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253 as a result of his guilty plea, including, but not limited to:

A) one thumbdrive, serial number BL0811NSSB;

B) one Samsung Galaxy S8+ cell phone, model SMG955UZKV, IMEI 357725085185248;

C) one Geek Squad thumb drive, serial number 5345GG040532M202B2; and

D) one Sandisk Ultra Backup 16GB, serial number BL0902NSAB.

The defendant agrees and consents to the forfeiture of his interest in these assets pursuant to any criminal, civil and/or administrative forfeiture action brought to forfeit these assets. None of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States.

The defendant agrees to waive all constitutional, statutory, and any other challenges in

any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (1) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (2) failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) pertaining to the Court's advice at the change of plea hearing; and, (3) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

The defendant waives and releases any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not. The defendant agrees to hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

The defendant acknowledges that the properties to be forfeited under this section are subject to forfeiture as property facilitating or involved in illegal conduct.

14. Waivers.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on

the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

15. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17. Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JOHN J. FARLEY
Acting United States Attorney

Date: 11-24-21 By: ______________________

Kasey A. Weiland
Assistant United States Attorney
Bar Association #82785 (VA)
53 Pleasant St., 4th Floor
Concord, NH 03301
Kasey.weiland2@usdoj.gov

The defendant, Michael Clemence, certifies that he has read this 16-page Plea Agreement and that he fully understands and accepts its terms.

Date: 11-19-21 ______________________
Michael Clemence, Defendant

I have read and explained this 16-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 11/19/2021 ______________________
John Newman, Esquire
Attorney for Michael Clemence